**In re TYCO INTERNATIONAL, LTD. Multidistrict Litigation (MDL 1335)**

Nos. MDL 02–1335–PB, 03–1336–PB, 03–1338–PB, 03–1344–PB, 03–1345–PB, 03–1346–PB, 03–1347–PB, 03–1349–PB.

United States District Court,
D. New Hampshire.

June 21, 2004.

William Chapman, Orr & Reno, Concord, NH, for Securities Action.

Kenneth Bouchard, Bouchard & Kleinman PA, Hampton, NH, for ERISA Action.

Frederick Upshall, Upshall Cooper & Temple PA, Concord, NH, for Derivative Action.

Edward Haffer, Sheehan Phinney Bass & Green, Manchester, NH, for Tyco Internation.

Richard McNamara, Wiggin & Nourie PA, Manchester, NH, for L. Dennis Kozlowski.

William Hassler, Steptoe & Johnson LLP, Washington, DC, for Mark Belnick.

Jody L. King, Michael Grudberg, Stillman & Friedman PC, New York, NY, for Mark Swartz.

Arnold Rosenblatt, Cook Little Rosenblatt & Manson, PLLC, Manchester, NH, for PricewaterhouseCoopers.

James Townsend, Townsend Law Office, Londonderry, NH, for Pricewaterhouse-Coopers–Bermuda.

Alan Friedman, Kramer Levin Naftalis & Frankel, LLP, New York, NY, for Josehua Berman.

Miranda Schiller, Weil Gotshal & Manges, LLP, New York, NY, for Richard Bodman & Wendy Lane.

Gregory A. Markel, Cadwalader Wickersham & Taft, LLP, New York, NY, for Michael Ashcroft, John Fort, James Pasman & Joseph Welch.

Laurie Smilan, Latham & Watkins, Reston, VA, for Stephen Foss.

JaneAnne Murray, O'Melveny & Meyers LLP, New York, NY, for W. Peter Slusser.

Michelle Pahlmer, Lawrence Greenwald, Stroock Stroock & Lavan LLP, New York, NY, for Frank E. Walsh.

Ann Galvani, David Shapiro, Boise, Schiller & Flexner, LLP, Oakland, CA, for TYCO–Plaintiff.

Marshall R. King, Mitchell Karlan, Gibson Dunn & Crutcher, LLP, New York, NY, for TYCO Plaintiff.

Michael Beck, Judicial Panel on Multidistrict Litigation, Washington, DC, for Court Orders Only.

## MEMORANDUM AND ORDER

BARBADORO, Chief Judge.

The plaintiffs in seven of the 47 cases that have been consolidated for pretrial proceedings in this multidistrict litigation matter have moved to remand their cases to the state courts in which they were originally filed. The cases are based exclusively on the Securities Act of 1933 ("the Securities Act"), 15 U.S.C. § 77a–77aa, which until 1998 did not permit the removal of any case that was deemed to arise under the Securities Act. Congress created a limited exception to the nonremoval rule when it adopted the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub.L. No. 105–353, 112 Stat. 3227 (codified as amended at 15 U.S.C. §§ 77p, 77v, 77z–1, 78u–4 and 78bb (1998)). The question that I must resolve is whether the cases at issue qualify for removal under SLUSA.[1]

### I.

Congress passed SLUSA to prevent plaintiffs in certain securities fraud class

---

**1.** The few courts that have considered whether SLUSA permits the removal of cases based exclusively on the Securities Act are split. *In re King Pharmaceuticals, Inc.*, No. 2:03–CV–77, slip op. (E.D.Tenn. Feb. 6, 2004) (citing to legislative history and common sense to hold that cases based on the Securities Act are removable under SLUSA); *Kulinski v. Am. Electric Power Co.*, No. 02–03–412, slip op. (S.D.Ohio 2004) (holding cases based on the Securities Act removable because of the exception to the prohibition on removal in § 77v, as amended by SLUSA); *Alkow v. TXU Corp.*, Nos. 3:02–CV–2738–K, 3:02–CV–2739–K, 2003 WL 21056750 (N.D.Tex. May 8, 2003) (finding SLUSA was passed to counteract a shift in cases to state court and therefore allows the removal of cases based solely on the Securities Act); *Brody v. Homestore, Inc.*, 240 F.Supp.2d 1122 (C.D.Cal.2003) (holding "SLUSA authorizes removal of class actions

asserting violations of the 1933 Act" and that this reading is required to not "render the amendment to § 77v(a) meaningless"); *but see Williams v. AFC Enters., Inc.*, No. 1:03–CV–2490–TWT, slip op. (N.D.Ga. Nov. 20, 2003) (following Eleventh Circuit dicta that SLUSA applies to claims based on state law, court held cases based on the Securities Act were not removable); *Nauheim v. Interpublic Group of Cos.*, No. 02–C–9211, 2003 WL 1888843 (N.D.Ill. April 16, 2003) (finding "the plain language of the Securities Act, as amended by SLUSA, clearly and unambiguously permits the removal of only those covered class action complaints that are based on State statutory or common law" and does not authorize the removal of cases bases on the Securities Act); *In re Waste Mgmt., Inc. Sec. Litig.*, 194 F.Supp.2d 590 (S.D.Tex.2002) (holding SLUSA does not provide removal for cases based on the Securities Act).

action cases from using state laws and state courts to avoid the rigorous pleading standards, discovery limitations, and other requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See* Pub.L. No. 105–353, § 2, 112 Stat. 3227. Congress attacked the problem primarily by adding preemption and removal provisions to both the Securities Act and the Exchange Act of 1934, 15 U.S.C. §§ 78a–78mm ("Exchange Act").

The Securities Act's preemption provision is codified at 15 U.S.C. § 77p(b). It states that

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging-
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b).

The removal provision is codified at 15 U.S.C. § 77p(c). It states that

> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court

for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c).

Until SLUSA became law, no case that was deemed to arise under the Securities Act was removable to federal court. SLUSA amended the nonremoval provision, codified at 15 U.S.C. § 77v, to create an exception for cases that are removable under § 77p(c). The nonremoval provision (with the new language emphasized) states that

> *Except as provided in section 77p(c) of this title,* no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v (emphasis added).[2]

## II.

The parties agree that § 77v bars the removal of the cases at issue unless they qualify for removal under § 77p(c). Section 77p(c), in turn, applies to "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b)." Because it is undisputed that the cases at issue are "covered class actions"[3] and involve "covered securities,"[4] their removability depends upon the meaning of the phrase "as set forth in subsection (b)."

---

**2.** SLUSA also amended § 77v's concurrent jurisdiction provision to strip state courts of jurisdiction over certain cases that arise under the Securities Act. The relevant language (with the new language emphasized) states that

> [t]he district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts,

> *except as provided in section 77p of this title* with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

15 U.S.C. § 77v (emphasis added).

**3.** "Covered class action" is defined at 15 U.S.C. § 77p(f)(2)(A).

**4.** "Covered security" is defined at 15 U.S.C. § 77p(f)(3).

Plaintiffs argue that "as set forth in subsection (b)" modifies the term "covered class action." Because § 77p(b) applies only to covered class actions that are "based upon the statutory or common law of any State or subdivision thereof," plaintiffs argue that cases such as the ones that are now before me, which are based exclusively on the Securities Act, are not removable under § 77p(c).

■ Defendants argue that § 77p(c) permits the removal of cases that are based exclusively on the Securities Act if they qualify as "covered class actions," involve "covered securities," and are based in fraud.[5] Defendants rest their argument primarily on a canon of statutory construction known as the "rule of the last antecedent." *See, e.g., Montalvo–Huertas v. Rivera–Cruz*, 885 F.2d 971, 975 (1st Cir.1989); *United States v. Ven–Fuel, Inc.*, 758 F.2d 741, 751 (1st Cir.1985). This canon holds that when a qualifying phrase has multiple antecedents, the phrase ordinarily qualifies only the final antecedent. *See id.* Defendants argue that the phrase "as set forth in subsection (b)" has two antecedents: "covered class action" and "involving a covered security." They then reason that "as set forth in subsection (b)" should be read to modify "involving a covered security" rather than "covered class action." Because §§ 77p(b)(1) and (2) limit the preemption provision to claims that involve covered securities that are purchased or sold through fraudulent means, defendants argue that § 77p(c) must authorize the removal of any covered class action that involves such securities, whether the claims that comprise the action are based on state or federal law.

■ While defendants' argument is well presented, it does not withstand careful analysis. The disputed language in § 77p(c) consists of a defined term, "covered class action," and a series of three qualifying phrases: "brought in any State court," "involving a covered security," and "as set forth in subsection (b)." Because the first two phrases obviously qualify "covered class action," it is reasonable to expect that the third phrase in the series should modify the same term as the two that precede it. Thus, absent some signal from Congress that a different meaning was intended, plaintiffs appear to be correct in claiming that "as set forth in subsection (b)" modifies "covered class action" rather than "involving a covered security."

■ Any real doubt about the meaning of § 77p(c) is dispelled by the way in which it is punctuated. If Congress had intended "as set forth in subsection (b)" to modify "involving a covered security," one would expect to see commas setting off the phrase "involving a covered security as set forth in subsection (b)" from the rest of the sentence. Instead, the drafters of § 77p(c) placed the comma between "involving a covered security" and "as set forth in subsection (b)." The only purpose that this choice serves is to preclude defendants' interpretation by signaling that "as set forth in subsection (b)" should modify "covered class action" rather than "covered security". Thus, this case is governed by the exception to the rule of the last antecedent which applies when a comma is placed between the last antecedent and the qualifying phrase. *See* 2A Norman J. Singer, *Statutes and Statutory Construction* § 47:33 (6th ed.2000); *see also Kahn Lucas Lancaster, Inc. v. Lark*

---

**5.** Subsections 77p(b)(1) and (2) require either "an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security" or that "the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. §§ 77(p)(b)(1), (2).

*Int'l Ltd.,* 186 F.3d 210, 215 (2d Cir.1999); *Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Shell Oil Co.,* 606 N.W.2d 376, 380 (Iowa 2000); *In re Pers. Restraint of Smith,* 139 Wash.2d 199, 986 P.2d 131, 133–34 (1999).

Defendants attempt to bolster their case by arguing that plaintiffs' reading of § 77p(c) suffers from its own interpretive difficulties. They first claim that plaintiffs' interpretation makes SLUSA's amendment of § 77v superfluous. Their argument is that if plaintiffs were correct in claiming that § 77p(c) authorizes the removal only of cases that are based on state law, Congress would not have needed to amend § 77v to create an exception for cases that are removable under § 77p(c) because § 77v applies only to claims that arise under the Securities Act. *See Kulinski,* No. 02–03–412; *Alkow v. TXU Corp.,* 2003 WL 21056750; *Brody v. Homestore,* 240 F.Supp.2d 1122 (C.D.Cal.2003).

■ I reject this argument because it is based on the mistaken premise that a case cannot both arise under the Securities Act

and be based on state law. As the two leading commentators on federal jurisdiction recognize, a case that includes federal law claims is deemed to arise under federal law for purposes of the general removal statute, 28 U.S.C. § 1441, even though it also contains related claims that are based on state law. *See* 14C Charles H. Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure* § 3724 (3d ed.1998); 16 James W. Moore, *Moore's Federal Practice* §§ 106.81, 107.14[6], 107.31[9] (3d ed.2003).[6] The same is true with respect to § 77v. A case that contains one or more Securities Act claims is deemed to arise under the Act for purposes of § 77v even if it also includes state law claims that make the case removable under § 77p(c). SLUSA's amendment to § 77v, thus was needed to eliminate any doubt about the removability of cases that include both state law claims and otherwise nonremovable claims based on the Securities Act.[7] Accordingly, I reject defendants' argument that plaintiffs' interpretation of § 77p(c) makes SLUSA's amendment of § 77v superfluous.[8]

6. Defendants argue that § 1441(c), which authorizes the removal of cases that contain both removable federal law claims and "separate and independent" claims that are otherwise nonremovable would be unnecessary if a case that includes state law claims could be deemed to arise under federal law pursuant to § 1441(a) and (b). As the above-mentioned commentators note, however, § 1441(c) serves to permit the removal of cases that contain both removable federal claims and "separate and independent" claims that are otherwise nonremovable. When otherwise nonremovable claims are part of the same nucleus of operative fact as a removable federal claim, the entire case is deemed to arise under federal law and is removable under § 1441(a) and (b). *See* Wright, *supra;* Moore, *supra.*

7. Defendants similarly argue that SLUSA's amendment to § 77v's concurrent jurisdiction provision supports their interpretation of

§ 77p(c). This argument, however, suffers from the same flaw as their argument based on SLUSA's amendment to the nonremoval rule. By creating an exception to the concurrent jurisdiction rule for cases that contain claims that are preempted under § 77p(b), Congress eliminated doubt about whether state courts could retain jurisdiction over such cases based upon § 77v if they also included claims based on the Securities Act.

8. Defendants also complain that plaintiffs' interpretation of "as set forth in subsection (b)" makes § 77p(c)'s references to "covered class action" and "covered security" unnecessary. While I agree that § 77p(c) could have been drafted without these terms because they are already included in § 77p(b), it is understandable that Congress would have wanted to emphasize that, like the rest of SLUSA, § 77p(c) was intended to apply only to covered class actions that involve covered securities. Under these circumstances, the fact that plain-

Defendants also argue that I should reject plaintiffs' reading of § 77p(c) because it would not fully solve the problem that Congress attempted to address when it enacted SLUSA. I agree with defendants' contention that Congress passed SLUSA to prevent plaintiffs in securities class action cases based in fraud from avoiding the PSLRA's automatic discovery, rigorous pleading, and safe harbor provisions. As I have already explained, however, SLUSA's operative language reveals that the specific problem that it was crafted to address was the use of state law causes of action to thwart the PSLRA rather than the use of Securities Act claims for this purpose. Moreover, while defendants cite numerous statements from SLUSA's legislative history, they have failed to identify a single reference that explicitly states that SLUSA was intended to permit the removal of cases that are based exclusively on the Securities Act. Instead, SLUSA's legislative history supports the view that Congress attempted to prevent plaintiffs from circumventing the PSLRA by "enact[ing] national standards for securities class action lawsuits involving nationally traded securities," Pub.L. No. 105–353, § 2, 112 Stat. 3227, rather than by making federal courts the exclusive forum for Securities Act class actions alleging fraud. Accordingly, even if defendants had offered a plausible interpretation of § 77p(c), I would have rejected their interpretation

tiffs' interpretation of § 77p(c) would make its references to covered class action and covered security redundant is not sufficient by itself to reject plaintiffs' otherwise plausible interpretation.

9. Defendants have identified two statements which provide some support for the view that SLUSA was intended to permit the removal of securities class action cases that contain federal law claims. *See, e.g.,* H.R.Rep. No. 105–640 at 8 (1998) (SLUSA "makes Federal court the exclusive venue for most securities class

because it is not sufficiently supported by SLUSA's legislative history.[9]

### III.

I have not attempted to resolve this statutory construction problem by asking which of the two competing interpretations of § 77p(b) will better promote an efficient resolution of the cases that are now before me. Nor have I attempted to determine what Congress might have done if it had been asked to decide whether cases that are based exclusively on the Securities Act should be removable to federal court. Instead, I have made a contextual examination of the statutory language and a careful review of legislative history to determine the meaning of the statute that Congress actually passed. That examination reveals that: (1) § 77p(b) preempts state law securities claims alleging fraud in covered class actions that involved covered securities; (2) § 77p(c) permits only the removal of cases that contain state law claims that are subject to preemption under § 77p(b); and (3) the limited exception in § 77v to the general rule of nonremovability of cases that arise under the Securities Act applies only to cases that also include removable state law claims. Neither the text nor the legislative history of SLUSA support the view that cases that are based exclusively on the Securities Act are removable under

action lawsuits."); 144 Cong. Rec. S4,778–803 at S4,797 (May 13, 1999) (statement of Sen. Feinstein) ("[w]ithout [SLUSA's] removal authority, these companies, whose securities are traded throughout the fifty states, could face liability *under federal securities laws* in fifty state courts") (emphasis added). These citations, however, by no means constitute a clear statement that Congress intended to make cases based exclusively on the Securities Act removable. In any event, they are insufficiently persuasive to justify a reading of § 77p(c) that is inconsistent with its text.

§ 77p(c). Accordingly, I grant plaintiffs' motions to remand.

SO ORDERED.